NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL LAMPON-PAZ, | Civil Action No. 23-2248-MEF-AME |
| Plaintiff, | OPINION and ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on the motion filed by *pro se* plaintiff Manuel Lampon-Paz ("Plaintiff") for leave to amend the Complaint [D.E. 14]. Defendant United States of America ("Defendant") opposes Plaintiff's motion. Defendant also moves to stay this action pending a decision on its motion to dismiss [D.E. 15]. The Court has considered the parties' written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion to amend the Complaint is denied, and this action is stayed until further order of the Court.

**I.   BACKGROUND**

This is an action to enjoin the collection of taxes. According to the Complaint, Defendant imposed a levy on Plaintiff's pension payments to collect federal income taxes assessed by the Internal Revenue Service ("IRS") for various tax years (the "Tax Levy"), allegedly without

1

following proper procedures. *See* Compl. at 3-7. In the Complaint, Plaintiff refers to a previous case he filed in this District in January 2022, captioned *Lampon-Paz v. United States*, Civil Action No. 22-239 (the "2022 Action") and acknowledges that the 2022 Action also sought an injunction against enforcement of the same Tax Levy at issue here. *Id.* at 3.

However, the District Court dismissed the 2022 Action for lack of subject matter jurisdiction, finding Plaintiff's claim was barred by sovereign immunity and by the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a). *See* Opinion entered Sept. 19, 2022 in Civil Action No. 22-239, at 6-7. On Plaintiff's appeal, the Third Circuit "summarily affirmed" the order dismissing the 2022 Action, finding Plaintiff had not established that any exception to the Tax Anti-Injunction Act applied. *See* Order and Mandate entered May 25, 2023 in Civil Action No. 22-239. The Court of Appeals held that Plaintiff "ha[d] not demonstrate that his is the rare case where 'under no circumstances could the Government ultimately prevail,' and 'equity jurisdiction otherwise exists,' justifying an exception to § 7421(a)." *Id.*

On April 19, 2023, Plaintiff filed this action seeking an emergency injunction against Defendant's enforcement of the Tax Levy. Noting the 2022 Action was dismissed without prejudice, Plaintiff asserts he is "refiling his request for an injunction" to challenge Tax Levy on four grounds: (1) the IRS failed to provide him a pre-levy hearing he alleges he sought by telephone, upon receipt of an IRS CP11 notice in 2018;[1] (2) Defendant failed to demonstrate in the 2022 Action that a proper notice of intent to levy was issued to Plaintiff; (3) the tax liability underlying the Tax Levy is overstated; and (4) Defendant tampered with evidence. *See* Compl. at

---

[1] The Complaint does not identify the nature of a CP11, but the Court takes judicial notice that it is an IRS document notifying a taxpayer of changes to the taxpayer's return due to a miscalculation, resulting in money owed on the taxes. *See* www.irs.gov/individuals/understanding-your-cp11-notice (accessed Nov. 28, 2023).

3-4. Plaintiff also alleges that the Tax Levy was imposed unlawfully as retaliation for some unspecified whistleblower activity by Plaintiff and/or as an act of racial or ethnic discrimination. *Id.* at 10.

On August 4, 2023, the United States moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and as collaterally estopped, given the District Court's previous decision dismissing the 2022 Action and the Third Circuit's affirmance. Plaintiff, in response, has moved for leave to amend the Complaint. In separate filings, Plaintiff has also sought permission to introduce electronic evidence in support of his claim and requested that the Court hold an evidentiary hearing on matters underlying his claims for relief, including specifically whether Defendant gave him proper notice of its intent to impose the Tax Levy. *See* D.E. 11, 13. Defendant opposes those requests and cross-moves for a stay of this action while the motion to dismiss remains pending.

Pursuant to 28 U.S.C. § 636(a), the District Court referred Plaintiff's motion for leave to amend the Complaint and Defendant's motion to stay to this Court for decision.

**II.   DISCUSSION**

In his motion to amend, Plaintiff seeks leave to supplement his original Complaint with additional information "to better clarify his position in requesting that the court overturn the previous ruling under Rule 60 of the FRCP." Mot., Supplemental Filing at 1. The proposed "Supplemental Filing" attached to the motion essentially sets forth three additional allegations.[2]

---

[2] Rather than attach a copy of the proposed Amended Complaint, in its entirety, Plaintiff submits with his motion to amend a document containing only "supplemental information." While this truncated filing does not comport strictly with the requirements of Local Civil Rule 15.1(a), the Court takes into consideration that Plaintiff proceeds *pro se*. Despite the truncated and incomplete presentation of the proposed amended pleading, the Court construes his motion as a request for leave to file an Amended Complaint containing all the

3

First, Plaintiff states that although he does not question that the United States made a proper tax assessment, he alleges Defendant did not issue a CP90 notice of intent to levy on February 11, 2019, asserting it "most likely occurred on June or July 2021 and was back dated to 2019 to not allow the plaintiff his due process rights."[3] Proposed Supplemental Filing, at 1 (ECF 14-1). Plaintiff contends that it is "not only improbable but impossible" that the CP90 was issued on February 11, 2019, because a mere 48 hours elapsed between its purported issuance and the date he contends Defendant received a signed return receipt indicating the CP90 had been delivered to Plaintiff by the United States Postal Service. *Id.* at 2. Second, Plaintiff alleges that a late penalty purportedly assessed by the IRS on June 25, 2018, as to a tax return he submitted on that same date is also impossible, as the penalty cannot be issued in "a few minutes" because "procedures require several checks by different personnel to sign off" before a penalty may issue. *Id.* at 3. Third, Plaintiff alleges that in response to his phone call expressing his disagreement with the Tax Levy and requesting a hearing, the IRS failed to follow appropriate procedures. *Id.* Plaintiff contends he was not advised of his right to appeal but rather given "false information on how to proceed." *Id.* at 4.

Defendant opposes the motion the basis of futility. It argues that Plaintiff's proposed amendments amount to repetition of his claim, asserted in the 2022 Action, that the Tax Levy cannot be enforced on grounds he was denied his due process rights to challenge it. Defendant emphasizes that not only is Plaintiff collaterally estopped from relitigating his claim for

---

information set forth in the original pleading and the additional information set forth in the Supplemental Filing.
[3] The CP90 is an IRS document notifying a taxpayer of the IRS's intent to levy assets for unpaid taxes and of the taxpayer's right to request a Collection Due Process hearing. *See* www.irs.gov/individuals/understanding-your-cp90-notice (accessed November 28, 2023).

injunctive relief as to the Tax Levy, previously rejected for lack of subject matter jurisdiction, but he fails to present, on this motion, any information changing the fact that this action is barred by the Defendant's sovereign immunity and by the Tax Anti-Injunction Act, as Defendant argues in its pending motion to dismiss. In other words, Defendant maintains that amendment here is futile because the additional factual allegations proffered on this motion do not establish, or help establish, that Plaintiff's claim to enjoin the collection of a federal tax liability is viable.

This motion to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, courts retain discretion to deny leave for various equitable reasons, including "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility, in this context, means the proposed amendment would not withstand a motion to dismiss for failure to state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."); *see also In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (holding same). On a motion to dismiss for failure to state a claim, the Court must determine whether a complaint sets forth sufficient factual allegations, which, taken as true, demonstrate the plaintiff is entitled to the relief sought. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding a legally sufficient complaint must contain factual allegations, accepted as true, stating a plausible claim for relief). Mere conclusory assertions that a defendant has acted unlawfully will not suffice; rather, factual allegations must be enough to raise a right to relief above the speculative level. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555.

Applying that standard here, the Court concludes amendment of the Complaint would be futile. Plaintiff's proposed supplemental allegations repeat or amplify the Complaint's attacks on the Tax Levy as invalid for failure by Defendant to abide by proper pre-levy procedures and afford him the opportunity to be heard. However, the allegations do not address the deficiencies raised by the United States in its pending motion to dismiss on grounds of lack of subject matter jurisdiction.

The Court's analysis of the 2022 Action is instructive in assessing the futility of Plaintiff's proposed amendment in this action. There, the Court considered Plaintiff's challenge to the Tax Levy, including specifically his factual allegations concerning lack of adequate notice and due process, and concluded it was barred by the Tax Anti-Injunction Act, which provides that "'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.'" *See* Opinion entered Sept. 19, 2022, in Civil Action No. 22-239 (quoting 26 U.S.C. § 7421(a)). The Court expressly held that it lacked jurisdiction over Plaintiff's claim because he not only failed to identify a statute waiving Defendant's sovereign immunity but had also failed to establish this was the "extreme and unusual case" justifying any of the "very limited" exceptions to the Tax Anti-Injunction Act.[4] *Id.*

In this action, Defendant argues that the same jurisdictional infirmity of the 2022 Action requires dismissal of Plaintiff's claim to enjoin enforcement of the Tax Levy. Plaintiff's motion for leave to amend his Complaint fails to explain how his supplemental allegations might help establish that his claim for injunctive relief against the United States may nevertheless proceed.

---

[4] As noted, the Third Circuit agreed and summarily affirmed dismissal of the 2022 Action.

Although the Court construes Plaintiff's motion liberally, in recognition of his *pro se* status, it cannot discern that the additional allegations would either demonstrate that the Tax Anti-Injunction Act does not apply or that Plaintiff's claim falls within one of the statute's narrow exceptions. As such, they fail to support his claim of entitlement to the injunctive relief he seeks. Plaintiff's motion for leave to amend the Complaint must therefore be denied.

The Court also finds Defendant's motion to stay this action until such time as the motion to dismiss is decided would serve the interests of justice and is therefore warranted. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that a federal court's authority "to control the disposition of the causes on its docket with economy of time and effort" implicitly carries "the power to stay proceedings"). "In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). Those circumstances are present here. In light of the arguments raised on the motion, including sovereign immunity and the Court's lack of subject matter jurisdiction over this action, this Court concludes that proceeding with further litigation, including motion practice, discovery, and Plaintiff's pending requests concerning the submission of evidence to the Court, would be an inefficient use of the parties' resources and the Court's time while the question of whether this action is barred remains pending. Moreover, this action is in its earliest stages, and there is no indication the stay requested by Defendant will unduly prejudice Plaintiff or place him at a clear tactical disadvantage. *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) (identifying factors weighed by the Court in determining whether to grant a stay). Thus, in its discretion, the Court will stay this action until a decision on Defendant's motion to dismiss is issued.

### III. ORDER

For the foregoing reasons,

**IT IS** on this 30th day of November 2023,

**ORDERED** that Plaintiff's motion for leave to file an amended complaint [ECF 14] is **DENIED**; and it is further

**ORDERED** that Defendant's cross-motion to stay this action [ECF 15] is **GRANTED**; and it is further

**ORDERED** that this action is stayed until further order of the Court. Should the pending motion to dismiss be denied, the parties shall file a letter within two weeks of that decision, requesting that the stay be lifted and the action restored to the Court's active docket.

/s/ <i>André M. Espinosa</i><br>
ANDRÉ M. ESPINOSA<br>
United States Magistrate Judge