**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MANUEL LAMPON-PAZ, | No. 23-cv-02248 (MEF)(AME) |
| *Plaintiff*, | **OPINION and ORDER** |
| v. | |
| UNITED STATES OF AMERICA et al., | |
| *Defendants*. | |

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history here.

\* \* \*

The relevant allegations, as the Court understands them,[1] are as follows.

After receiving correspondence about taxes owed, a man[2] called the Internal Revenue Service ("IRS"). See Amended Complaint ("Complaint") ¶ 7.

During the call, an IRS employee gave him incorrect information about what he needed to do to challenge the tax assessment. See id. ¶¶ 7-9.

---

[1] The plaintiff is pro se. The Complaint is at times not crystal clear, but the Court has worked to read it as accurately as possible. And because the plaintiff is pro se, the Complaint is construed here "liberally." See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013).

[2] Manuel Lampon-Paz.

The IRS ignored his efforts to request a hearing to fight the assessment.  See id. ¶¶ 10-16.

And the agency did not mail him the necessary notices of intent to levy before collecting certain taxes from him.  See id. ¶¶ 19, 31.

Additionally, the IRS is said to have made "material false statements" and withheld evidence from the Court, (a) in the course of a previous trial and (b) during the instant proceedings.  See id. ¶¶ 15-22.

\* \* \*

In light of the above, the man (from here, "the Plaintiff") filed a lawsuit against the United States, the Department of Justice, and the IRS (collectively, "the Defendants").

The Complaint presses a claim for damages under 26 U.S.C. § 7433.  See id. ¶ 1.

\* \* \*

The Defendants filed a motion to dismiss.  See Motion to Dismiss at 1.

Because "[j]urisdiction is, as always, the 'first and fundamental question,'" Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 227 (D.N.J. 2024) (quoting Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453 (1900)), the Court first addresses the part of the Defendants' motion to dismiss that argues there is no subject-matter jurisdiction here.

\* \* \*

The Defendants' argument: the Court has no jurisdiction because the Plaintiff's claim is barred by sovereign immunity.  See Motion to Dismiss at 12.

The background to that argument:

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).

If it so chooses, "Congress may waive [sovereign] immunity by enacting a statute that authorizes suit against the government for damages or other relief."  Kirtz v. Trans Union LLC, 46 F.4th 159, 164 (3d Cir. 2022).

2

The waiver statute in play here is 26 U.S.C. § 7433.

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in section 7432 [regarding failure to release a lien], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

If the Plaintiff's allegations fall outside the scope of Section 7433, then the congressional waiver of sovereign immunity does not apply --- and the Court does not have jurisdiction.[3]

The Court understands the Plaintiff to be pressing three basic claims.  Consider each in turn, within an eye on whether it lands within the Section 7433 waiver of sovereign immunity.

\*   \*   \*

First, the Plaintiff alleges that, after receiving correspondence about an error on his tax return,[4] he called the IRS to request a hearing "due to an incorrect assessment and other matters" --- but the IRS employee on the other end of the

---

[3] "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996).

[4] A CP-11 notice, the document the Plaintiff alleges he received, see Complaint ¶ 7, is sent when the IRS "correct[s] one or more mistakes on [a] tax return," and "[a]s a result, the amount [a taxpayer] owe[s] has changed." Understanding Your CP11 Notice, Internal Revenue Serv., https://www.irs.gov/individuals/understanding-your-cp11-notice (accessed May 1, 2025).

3

line made "willful false statements" and misled him about how to proceed. See Complaint ¶¶ 7, 9. In doing so, the IRS employee "deprived [the Plaintiff of] the opportunity to challenge the [IRS'] position." Id. ¶ 9.

The Defendants argue that this allegation "fall[s] outside the scope of Section 7433," because "[t]he IRS employee was not taking any affirmative steps to recover money owed to the government . . . but explaining how to respond to the CP-11 notice[.]" Motion to Dismiss at 15.

The Court agrees.

The key phrase in Section 7433 is "collection of Federal tax with respect to a taxpayer" --- and that implies a situation in which federal officials are taking affirmative steps to collect taxes.

That is how the Sixth Circuit has understood things.

"In common parlance, an IRS agent acting in connection with tax collection would be taking an affirmative step to recover money owed to the government." Agility Network Servs., Inc. v. United States, 848 F.3d 790, 794 (6th Cir. 2017) (emphasis added).

In that case, the plaintiffs requested a hearing to challenge a federal tax lien and notice of intent to levy. They alleged that they were "mistreated" during the hearing process that followed --- the IRS intentionally delayed the hearing, for example, and the presiding officer refused to discuss some of the challenges they raised. See id. at 792-93. Reading the phrase "in connection with any collection of Federal tax" narrowly, see footnote 3, the Sixth Circuit affirmed the district court's holding that it lacked jurisdiction under Section 7433. The IRS agent who conducted the hearing had not acted in connection with the collection of any tax, the Sixth Circuit explained, because "[t]he hearing does not help the IRS collect on a tax debt, but in fact impedes collection, at least temporarily, to the taxpayer's benefit." Id. at 794.

And as part of its holding, the Sixth Circuit rejected "[a] second, broader interpretation" of the statute, that would understand "any IRS agency action involving a person who owes a tax debt [as] 'in connection with tax collection.'" Id.

This Court finds the Sixth Circuit's approach persuasive.

4

It is closely consistent with the Third Circuit's unpublished decision in Robertson v. United States, 147 F. App'x 308 (3d Cir. 2005). There, the taxpayer filed an amended tax return and sought a refund. See id. at 308-09. The IRS denied the request and sent the taxpayer some correspondence explaining its decision. See id. at 309. The taxpayer then brought a claim under Section 7433 for "unauthorized collection activities," id., but the Third Circuit held that "section 7433 did not apply" "[b]ecause the IRS was not engaged in the collection of federal taxes in the action challenged here." Id. at 310.

And the Sixth Circuit's approach lines up with the way district courts in the Third Circuit have interpreted Section 7433 --- as narrow, see footnote 3, and as pertaining only to activities affirmatively undertaken by the IRS to collect taxes. See, e.g., Barry v. Koskinen, 2019 WL 4297796, at *5 (D.N.J. Sept. 11, 2019); Fattah v. United States, 2014 WL 4249768, at *3 (E.D. Pa. Aug. 27, 2014); McCarty v. United States, 2002 WL 31934287, at *3-4 (D.N.J. Nov. 13, 2002); Hart v. United States, 1997 WL 732466, at *1 (E.D. Pa. Nov. 21, 1997).

This is all but dispositive as to what the Court takes to be the Plaintiff's first claim.

When the Plaintiff allegedly reached out to the IRS, he was essentially calling something of a helpline --- taxpayers who received certain correspondence were directed to call the number "if [they] disagreed [with the IRS' assessment] and wanted to challenge [the IRS'] findings." Complaint ¶ 9; see also id. at ¶ 7. And there are no allegations that the IRS employee on the other end of the line was in any sense working affirmatively to collect any tax that was assertedly owed. See Complaint ¶¶ 7-9.[5]

A taxpayer's call to a helpline to challenge a tax assessment is not the IRS' effort to "collect[] . . . Federal tax." 26 U.S.C. § 7433(a) (emphases added). If anything, it is the opposite.

---

[5] A document submitted by the Plaintiff is purportedly a transcript of his conversation with the IRS employee; it reflects that the IRS employee attempted to explain how the IRS arrived at its revised assessment of taxes owed before directing the Plaintiff to his local IRS office if he had further questions. See generally ECF 17, Exhibit 1.

5

The Section 7433 waiver therefore does not apply and the Court lacks subject-matter jurisdiction over what it takes to be the plaintiff's first claim.

\* \* \*

Second, the Plaintiff claims that, at a prior trial in this Court, and in the current litigation, the Defendants have withheld certain evidence and made false statements. See Complaint ¶¶ 10-21.

But these allegations are not covered by the Section 7433 waiver of sovereign immunity.

The prior trial was brought by the Plaintiff to stop a tax collection. See Lampon-Paz v. United States, 2022 WL 4354725, at \*1 (D.N.J. Sept. 19, 2022). That is not the same as an IRS-initiated lawsuit to affirmatively collect on taxes.

And in this case, it is again the Plaintiff who is the moving force --- seeking damages from the IRS in connection with the referenced tax collections. See Complaint ¶¶ 32-42. A taxpayer-initiated lawsuit to seek a remedy from the IRS for allegedly erroneous collections cannot be treated as an affirmative effort by the IRS to collect.

In light of the above, Section 7433 is not in play and the Court does not have jurisdiction over what it takes to be the Plaintiff's second claim.[6]

\* \* \*

The Plaintiff's third claim is that the Defendants failed to provide him with a notice of intent to levy. See Complaint ¶¶ 19, 32.

What is the relevance of such notices? Before putting a levy "upon the . . . property of any person with respect to any unpaid tax . . . the Secretary [of the Treasury] [must] notif[y]

---

[6] Note also that the Section 7433 waiver is limited to actions taken by "any officer or employee of the Internal Revenue Service[.]" 26 U.S.C. § 7433(a). Most of the Plaintiff's lawsuit-related allegations do not suggest that an "officer or employee of the Internal Revenue Service," id., had any hand in withholding evidence or making allegedly false statements. See, e.g., Complaint ¶¶ 15-18.

such person in writing of his intention to make such levy." 26 U.S.C. § 6331(d)(1).

The Defendants acknowledge that failure to properly provide a notice of intent to levy "may subject the IRS to a Section 7433 damages claim." Motion to Dismiss at 16; see also Kennedy v. Comm'r, Dep't of Treasury Internal Revenue Serv., 790 F. App'x 447, 449 (3d Cir. 2019).

But the Defendants say this is irrelevant here. Why? Notices were sent. And the Plaintiff's argument back --- that the written proof that the notices were sent is a forgery --- cannot be made any longer. That issue was resolved against the Plaintiff at the prior trial. See Motion to Dismiss at 18.

This argument may be persuasive.

Collateral estoppel "bars a party from relitigating an issue when [1] the identical issue was decided in a prior adjudication, [2] there was a final judgment on the merits, [3] the party against whom the bar is asserted was a party . . . to the prior adjudication, and [4] the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." Home Depot, USA, Inc. v. Lafarge N. Am., Inc., 59 F.4th 55, 63 (3d Cir. 2023); accord, e.g., Del. River Port Auth. v. Fraternal Ord. of Police, 290 F.3d 567, 573 (3d Cir. 2002).

Some of these elements are plainly satisfied here. The prior trial, for example, involved the same parties. See Lampon-Paz v. United States, 2022 WL 4354725 (D.N.J. Sept. 19, 2022).

But whether the "identical issue" was previously decided is less clear.

During 2022, the Court determined that "the notices of proposed levy for tax years 2015 and 2016" --- the same notices at issue in this case --- "were mailed on February 11, 2019." Id. at *5.

Does this count as a "deci[sion]"? Is it fully at odds with the proposition now pressed here by the Plaintiff?

On these points, the Court will require a more detailed factual presentation from the Defendants, and more detailed legal briefing.

7

For now, the Defendants' motion to dismiss the Plaintiff's third claim is denied without prejudice. It can be renewed later, on a schedule to be set by the United States Magistrate Judge.

No filings shall be made as to the issues covered in this Opinion and Order, except on the Magistrate Judge's schedule.

\*      \*      \*

The Defendants' motion to dismiss is granted in part and denied in part.

IT IS on this 6th day of May, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.